IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAHNAWAZ M. MATHIAS, | : | |
|     Plaintiff | : | Case No. 1:16-CV-01338-SES |
| | : | |
| v. | : | |
| | : | (Hon. Susan E. Schwab) |
| APRIL BILLET-BARCLAY, | : | |
| ALBERT SABOL, AMY ALU, and | : | |
| CRYSTAL PERRY | : | CIVIL ACTION |
|     Defendants | : | |

---

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

COME NOW, this 1st day of June, 2018, Defendants, by and through Counsel, and file this Statement of Undisputed Material Facts pursuant to Local Rule 56.1 as follows:

1. On May 15, 2006, Plaintiff pleaded guilty to indecent assault and unlawful contact with a minor. *See* Guilty Plea, at P238-P250 (Ex. "A").

2. On November 15, 2006, the trial court imposed an aggregate sentence of five years' probation. *See* Sentencing (Ex. "B"), at P251-P254.

3. Twelve days thereafter, Plaintiff filed a post-sentence motion seeking withdrawal of his "plea because he discovered that, as a condition of his probation," his travel and contact with his minor children were limited and he was not permitted to consume alcohol. The trial court denied this motion on January 18, 2007. *See* Withdrawal of Guilty Plea/Counsel (Ex. "C"), at P255-P258.

4. Plaintiff then filed a counseled application on June 6, 2007 to modify his probation, challenging the probationary condition that he first obtain permission before travelling outside the York County area, and seeking instead merely to provide notice before traveling. *See* Application for Modification of Conditions of Probation (Ex. "D"), at P261-P264

5. The court denied this application on June 8, 2007. *See* Order of June 8, 2007 (Ex. "E"), at P260.

6. Plaintiff took an appeal from this Order on June 28, 2007. *See* Trial Court Docket (Ex. "F"), at Doc. No. 25/1, at P209.

7. On August 4, 2008, the Pennsylvania Superior Court affirmed the trial court and, thereafter, the Pennsylvania Supreme Court denied allowance of appeal on July 1, 2009. *See* Superior Court Docket No. 1116 MDA 2007 (Ex. "G").

8. One day after the Superior Court issued its memorandum, on August 5, 2008, Plaintiff filed a counseled PCRA petition, alleging that he "recently ... discovered that the [victim] has [recanted] to one or more persons her accusations by admitting that the alleged crime was a falsehood perpetuated *[sic]* to obtain "a financial advantage." The petition further averred, "That information was reduced to an affidavit signed by one Jason Hollar," which he attached, and that Plaintiff was "attempting to ascertain the identity of at least two ... other individuals to whom [the victim] has recanted[.]" *See* Superior Court Mem. Op. (Ex. "H"), at 2.

9. On August 13, 2008, the trial court dismissed the petition without prejudice, reasoning that the appeal before the Superior Court was still pending. *See* Trial Court Docket (Ex. "F").

10. Subsequently, Plaintiff filed numerous petitions with the trial court seeking relief from the terms of his probation. Some of the denials of these petitions resulted in appeals to the Superior Court.

   a. The Superior Court quashed two of the appeals, in each holding that the relief Plaintiff sought related to his judgment of sentence, and thus his notices of appeal were untimely.

   b. A third appeal related to the trial court's denial of a motion to modify Plaintiff's probation so that he could "exercise custodial rights to his children." The Superior Court held that Plaintiff's motion for reconsideration of the denial of this motion was untimely, and thus his notice of appeal was untimely, and that appeal was therefore quashed.

   c. A fourth appeal stemmed from the denial of a petition to terminate probation, which was filed while the third appeal was pending. The Superior Court quashed that appeal, holding that because the pending appeal "also concerned the terms of his probation," "the trial court was without jurisdiction to rule on" the latest petition.

*See* Trial Court Docket (Ex. "F").

11. On May 7, 2013, approximately one month after the last Superior Court decision, Plaintiff filed [another], counseled PCRA petition. *See* Trial Court Docket (Ex. "F").

12. The PCRA court dismissed the PCRA petition, and the Superior Court affirmed that order on December 13, 2013. *See* Trial Court Docket (Ex. "F").

13. While the order dismissing the PCRA petition was still was on appeal, Plaintiff filed a "Petition to Change Treatment Providers." *See* Trial Court Docket (Ex. "F").

14. In addition, on October 17, 2013, the York County Adult Probation Department (the Department) filed a petition in which it sought a hearing to resolve how much credit time Plaintiff should receive toward his probation sentence. *See* Trial Court Docket (Ex. "F").

15. The trial court held a hearing on December 3, 2013. *See* Trial Court Docket (Ex. "F").

16. Several witnesses testified at that hearing, including Albert Sabol.

17. Mr. Sabol was the Chief Adult Probation Officer at the Department for eleven (11) years when he retired in December of 2012. *See* Dep. Sabol (Ex. "I"), at 6-9.

18. Mr. Sabol testified that in 2002, then President Judge Chronister of the York County Court of Common Pleas issued an unwritten directive "that when a case is on appeal in an upper court, [] the local court lacks jurisdiction and cannot change or alter a sentence, and he directed that [the Probation Department] no longer supervise cases that have taken an appeal." *See* Trial Court Order of December 3, 2013 (Ex. "J").

19. Mr. Sabol testified that this directive was issued, in part, to avoid having to reimburse probationers whose appeals are successful for costs they incurred as a result of their probationary sentences. *See* Trial Court Order (Ex. "J").

20. In any event, pursuant to Judge Chronister's unwritten directive, the Department adopted a policy of not supervising persons sentenced to serve probation when those persons appeal a trial court's decision. *See* Trial Court Order (Ex. "J").

21. At the probation hearing, Crystal Perry presented a calculation of Probation "Credit Time" which indicated a total of 666 days under supervision as of January 30, 2012 based on a lack of supervision pending appeal from the date of sentencing to May 15, 2007; from June 29, 2007 to July 23, 2009; and from August 7, 2009 to June 3, 2009. *See* Crystal Perry Memorandum, 1/30/12 (Ex. "K").

22. Within the activity logs of the Department, there is no record of Mr. Mathias having been supervised on any of the dates Ms. Perry indicated as being

uncredited due to the pendency of an appeal. *See* Adult Probation Scheduled Activities (Ex. "L"), at PRO403-PRO407.

23. **In an Order entered on December 5, 2013, the trial court determined that, because of the multiple appeals Plaintiff has taken related to his probation, as of December 3, 2013, Plaintiff had served only 666 days of his five (5) year probation sentence, leaving him with 1,159 days of supervision to complete.** Furthermore, the trial court denied Plaintiff's request to change counseling centers. *See* Trial Court Order December 3, 2013 (Ex. "J").

24. On December 13, 2013, Plaintiff filed a motion to reconsider the December 5, 2013 order. The trial court denied that motion on December 27, 2013. *See* Trial Court Docket (Ex. "F").

25. On January 27, 2014, Plaintiff filed a notice of appeal wherein he stated his intent to appeal the order denying his motion for reconsideration. In a *per curiam* order filed on May 5, 2014, this Court quashed the appeal as untimely filed. *See* Superior Court Docket No. 208 MDA 2014 (Ex. "M").

26. On March 14, 2014, the Probation Department filed a petition in the trial court wherein it sought a hearing to determine whether Plaintiff had violated his probation by failing to enter and successfully complete an approved sexual offender treatment program. *See* Petition for Probation Violation (Ex. "N"), at P329-P331.

27. On April 21, 2014, the trial court held a hearing regarding the March 14, 2014 petition. *See* Trial Court Docket (Ex. "F").

28. At the conclusion of the hearing, the trial court determined that Plaintiff violated his probation. *See* Trial Court Docket (Ex. "F").

29. The court, therefore, revoked Plaintiff's probation and sentenced him to serve 6 to 23 months in prison. *See* Trial Court Docket (Ex. "F").

30. Plaintiff timely filed a motion for reconsideration. The trial court denied the motion. *See* Trial Court Docket (Ex. "F")

31. Plaintiff timely filed a notice of appeal of that decision by the trial court. *See* Superior Court Docket 876 MDA 2014 (Ex. "O").

32. The Superior Court agreed with Plaintiff that **the trial court** imposed an "illegal sentence" on Plaintiff when it revoked his probation and resentenced him. *See* Superior Court Mem. Op. (Ex. "H").

33. In its memorandum, the Superior Court stated that the **trial court** lacked the authority to revoke the probation and vacated the **trial court**'s judgment of sentence. *See* Superior Court Mem. Op. (Ex. "H"), at p. 9.

34. Mr. Mathias has admitted that he did not complete the sexual offender treatment program. *See* Dep. Mathias (Ex. "P"), at 78.

| | |
|---|---|
| Dated: 6/1/18 | BLAKEY, YOST, BUPP & RAUSCH, LLP |
| | |
| | /s/ *Alan C. Green* |
| | Alan C. Green, Esquire |
| | Supreme Ct. ID. No. : 314432 |
| | 17 East Market Street |
| | York, Pennsylvania 17401 |
| | T: (717) 845-3674 |
| | F: (717) 854-7839 |
| | *Counsel for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAHNAWAZ M. MATHIAS, | |
| *Plaintiff* | Case No. 1:16-CV-01338-SES |
| v. | |
| | (Hon. Susan E. Schwab) |
| APRIL BILLET-BARCLAY, ALBERT SABOL, AMY ALU, and CRYSTAL PERRY | CIVIL ACTION |
| *Defendants* | |

## CERTIFICATE OF SERVICE

AND NOW, this 1st day of June, 2018, I, Alan C. Green, Esquire, hereby certify that I served, via the CM/ECF system, the within Defendants' Statement of Undisputed Material Facts on:

Thomas Edward Brenner, Esquire
Goldberg Katzman, PC
4250 Crums Mills Road, Suite 301
PO Box 6991
Harrisburg, PA 17112
teb@goldbergkatzman.com


*/s/ Alan C. Green*
Alan C. Green, Esq.
BLAKEY, YOST, BUPP & RAUSCH